SMITH *v.* RATTRAY.

1. SPECIFIC PERFORMANCE—LAND CONTRACTS — TENDER — EVIDENCE —SUFFICIENCY.

In a suit by the vendee for the specific performance of a contract for the sale of land, evidence *held*, to establish that the vendee offered to close the deal and made tender of the specified payment within the time fixed in the contract.[1]

2. SAME—FRAUD—EVIDENCE—SUFFICIENCY.

In said suit, evidence *held*, insufficient to support vendor's claim of fraud, but that, on the contrary, it shows that the contract as prepared by his attorney was in accordance with the agreement of the parties, and was executed by him with full knowledge of its provisions.[2]

3. SAME—"FIRST PARTY"—MUTUAL MISTAKE NOT SHOWN.

Vendor's claim that there was a mutual mistake in the contract because it reserved to "first party" the right to mortgage the premises is without merit, where based on the fallacious assumption that the vendee was the first party; up to this point in the contract neither party having been denominated as first or second party, and naming the vendor as the first party being universally the custom.[3]

4. EVIDENCE—PAROL TESTIMONY INADMISSIBLE TO VARY TERMS OF WRITTEN CONTRACT.

Parol testimony is not admissible to modify the terms of a written contract, in the absence of fraud or mutual mistake.[4]

5. SPECIFIC PERFORMANCE—TENDER OF PERFORMANCE.

A vendee who seasonably tendered performance and has kept the tender good, is entitled to specific performance.[5]

Appeal from Wayne; Boomhower (Xenophon A.), J., presiding. Submitted May 1, 1925. (Docket No. 136.) Decided May 14, 1925.

[1]Specific Performance, 36 Cyc. p. 786 (Anno); [2]Id., 36 Cyc. p. 786 (Anno); [3]Id., 36 Cyc. pp. 608, 786 (Anno); [4]Evidence, 22 C. J. § 1459; [5]Specific Performance, 36 Cyc. p. 703 (Anno).

On the general rule that parol evidence not admissible to vary, add to, or alter a written instrument, see note in 17 L. R. A. 270.

Bill by Ronald Smith against Charles E. Rattray for specific performance of a land contract. From a decree for plaintiff, defendant appeals. Affirmed.

*Leo F. Covey,* for plaintiff.

*Edward R. Kehoe,* for defendant.

FELLOWS, J. On March 19, 1923, plaintiff, as vendee, and defendant, as vendor, entered into a written contract of purchase and sale of the premises located at 1700 Holden avenue in the city of Detroit. The terms of payment were: $10 down, $190 in 48 hours, $800 on delivery of conveyance, and $9,000 in monthly payments with 6 per cent. interest. Plaintiff was to be furnished an abstract showing good and merchantable title, and the deal was to be completed within ten days from receipt of the abstract. The agreement contained the following provision: "First party reserves the right to mortgage said property up to four thousand dollars ($4,000)." The contract was drawn by defendant's agent with whom the property had been listed. There is a dispute as to when the abstract was furnished and this dispute forms the basis of one of defendant's claims, that plaintiff did not offer to close the deal and tender the $800 within the time provided for in the contract. Plaintiff, a young man, and his father and mother all testify that they went to the office of defendant's agent, Mr. Campbell, to close the deal within the time and then tendered to Mr. Campbell the $800. Mr. Campbell, called by defendant as a witness, testifies on the subject of the time they came to close the deal as follows:

"*Q.* When did they want to close it, or do you know? When did they want to close it, if you know?

"*A.* Well, they were ready to close this deal, I think it was a day before the last day that they had, the 10th day I think they were ready to close this

deal then, if I remember right.    As I say, they came
to my place a couple of days, and it might have been
three days before the last day that they had that they
notified me.

"Q. You mean by the word 'they' the Smiths?
"A. Yes, sir; I do."

We are satisfied that plaintiff offered to close the
deal and made the tender within the time fixed in the
contract.

Defendant's principal contention is that the con-
tract was not drawn in accordance with the prelimin-
ary negotiations of the parties.    It is quite doubtful
if his answer properly alleges any fraud in procuring
his signature, but we shall not apply any technical rules
of pleadings as we are clearly convinced that no fraud
is established and that the contract as prepared by de-
fendant's agent was in accordance with the agreement
of the parties and was executed by defendant with
full knowledge of its provisions.    Defendant also in-
sists that there was a mutual mistake.    This is based
(1) on his claim that it was not in accordance with
the preliminary negotiations, which claim we have
already disposed of, and (2) upon the claim that
plaintiff was first party in the contract and that the
language quoted reserving to "first party" the right
to mortgage gave that right to plaintiff when it was
mutually understood that defendant should have that
right.    This assumes that plaintiff was first party
in the contract; but this is a fallacious assumption.
Up to this point in the contract neither party had been
denominated as first or second party, and naming the
vendor as the first party is so universally the custom
that we are bound to say that the point is entirely
without merit.

The written contract between the parties is the only
contract before us; it was not procured by fraud, and
there was no mutual mistake; parol testimony was
not admissible to modify its terms.    *Smith* v. *Mathis,*

174 Mich. 262; *Ogooshevitz* v. *Arnold,* 197 Mich. 203. The plaintiff has seasonably tendered performance and has kept the tender good; he was entitled to specific performance as decreed by the circuit court.

That decree will be affirmed, with costs of this court.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.